**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | I.D. # 0208020744 |
| | ) | |
| KEVIN MCCRAY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: January 2, 2024
Decided: March 1, 2024

**ORDER DENYING KEVIN MCCRAY'S
MOTION FOR SENTENCE MODIFICATION**

1.     After his arrest for a string of robberies, Kevin McCray ("McCray") plead guilty to two counts of Robbery First Degree and one count of Possession of a Firearm During the Commission of a Felony ("PFDCF"). He was sentenced on December 5, 2003 as follows: as to the first count of Robbery First Degree, 8 years Level V, the first four of which were mandatory; as to the second count of Robbery First Degree, 20 years Level V, suspended after 8 years, followed by declining levels of supervision; and as to the PFDCF count, 10 years at Level V.[1] McCray was ordered to pay restitution to the three institutions he robbed, in the total amount of $58,198.26.[2]

---

[1] D.I. 10.
[2] *Id.*

2. McCray has filed a series of motions for post-conviction relief, and sentence modification, which were denied.[3]

3. Currently pending is McCray's Motion to Reduce or Abate all Court Fines and Restitution (the "Motion").[4] McCray argues that due to the amount of time he has served, his age, disability, and homelessness status once he is released from Level V, and that he is not likely to reoffend, payment of the Court ordered restitution would be a hardship. Therefore, he seeks to be relieved of this obligation.[5]

4. Superior Court Criminal Rule 35(b) provides that the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." The Court will consider a Rule 35(b) motion after the 90-day period "only in extraordinary circumstances" or when the DOC has filed a motion pursuant to 11 *Del. C.* § 4217. Under Rule 35(b), the Court may consider reducing the term or conditions of partial confinement or probation at any time. Rule 35(b), however, further provides that the Court "***will not consider repetitive requests*** for reduction of sentence." (emphasis added).

5. Because McCray does not seek to reduce his Level V sentence, but to modify his restitution, his request is not time-barred. However, the bar to

---

[3] *See* D.I. 19, 20, 86 (denying motions for post-conviction relief); 95, 97 (denying motions for sentence modification).
[4] D.I. 98.
[5] *Id.*

considering repetitive requests for modification of a sentence is absolute.[6] This procedural bar applies even when the subsequent motion requests a reduction or modification of a term of partial confinement or probation.[7] McCray previously filed at least two motions, none of which modified his sentence. Therefore, the Motion is barred as repetitive.

6. Even if the Court considered the merits of the Motion, it would not be granted. McCray presented no additional information that would warrant a reduction or modification of this sentence. Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED**.

/s/Kathleen M. Miller
Judge Kathleen M. Miller

---

[6] *State v. Burton*, 2020 WL 3057888, at *2 (Del. Super. June 5, 2020) (The bar to considering repetitive motions has no exceptions). *See also Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. 2008) (TABLE) (affirming the Superior Court's denial of defendant's Rule 35(b) motion for modification where Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. 2004) (TABLE) (finding that defendant's Rule 35(b) motion for modification "was repetitive, which also precluded its consideration by the Superior Court.").

[7] *Burton*, 2020 WL 3057888, at *2; *State v. Pryor*, 2023 WL 3496289, *2 (Del. Super. May 17, 2023).